UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| H. ALLEN MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-1234- LJM-TAB |
| | ) | |
| LITTLER DIECAST CORP., | ) | |
| | ) | |
| Defendant. | ) | |

### ENTRY REGARDING ORDER TO SHOW CAUSE

This matter is before the Court on Plaintiff's response [Docket No. 22] to the Court's order to show cause. [Docket No. 21.] The Court issued the show cause order because Plaintiff's counsel, Jay Meisenhelder, belatedly filed his preliminary witness and exhibit lists without requesting leave to do so. The Court ordered Plaintiff to show cause why Plaintiff's witness and exhibit lists [Docket Nos. 19, 20] should not be stricken.

Unfortunately, Plaintiff's response represents that based upon counsel's "past experience" with this Court counsel assumed that leave of Court is not required to make untimely filings in violation of agreed upon, Court-approved Case Management Plan deadlines. Counsel is mistaken.

In support of this startling assumption, Plaintiff relies upon *Liebert v. Nixon Tool Co., Inc.*, Cause No. 1:05-cv-1199-JDT-TAB, which is a poor example on which to hang counsel's hat. In *Liebert*, the parties' initial disclosures were due by December 16, 2005, [Docket No. 11] but none were filed. Plaintiff contends that in *Liebert* "the parties inadvertently failed to file their initial disclosures until some four months after the date established in the Case

Management Plan.  Neither party sought leave of Court to make a belated filing . . ..."  On the contrary, in fact, on February 24, 2006, defense counsel in *Liebert* filed an unopposed motion for extension of time for both parties to belatedly serve their initial disclosures, as well as make several other case management filings that had apparently been ignored.  This motion was granted and the parties were given through April 1, 2006, to comply with the Case Management Plan.  Once again, this Court-imposed deadline was ignored.  Defendant's notice of initial disclosure was filed on April 26, 2006; Plaintiff's notice was inexplicably never filed.  The case was settled several months later.

While there may be some similarities in the way filings were handled in *Liebert* and the instant case, the more disturbing similarity is Plaintiff's counsel's disregard for Court-ordered case management deadlines.  Plaintiff's counsel must be more attentive to such deadlines.  And if by chance a deadline passes without the necessary action being taken, Plaintiff's counsel should promptly bring this matter to the Court's attention, explain the circumstances, and request appropriate relief.

From the Court's perspective, it appears that in this case Plaintiff's counsel probably hoped the Court would not notice the belated filing or, worse yet, would not care.  Such failings, however, do not go unnoticed,[1] and counsel who believe otherwise are mistaken and proceed at

---

[1] It also does not go unnoticed that counsel's belated filings that gave rise to the show cause order identified his law firm as "Haskin Lauter LaRue & Gibbons," even though named partner Phil Gibbons left this firm some time ago and founded the law firm of Gibbons Jones, P.C.  See http://www.gibbonsjones.com (last visited May 9, 2008).  The website of Meisenhelder's law firm identifies that firm as "Haskin Lauter & LaRue"  See http://www.hlllaw.com (last visited May 9, 2008).  However, the website's home page prominently displays a photograph of attorneys John Haskin, Ken Lauter, Denise LaRue and Phil Gibbons together in what reasonably appears to be that firm's law library.  This law firm's continued use of Gibbons' name on legal filings and photograph on the firm's website seemingly raises ethical issues, though such issues are beyond the scope of this entry.

their own peril.  Based upon the foregoing, the Court would be within its discretion to strike Plaintiff's preliminary witness and exhibit lists.  But doing so might prejudice the Defendant in its ability to prepare this case for trial, particularly since the CMP permits Plaintiff to file final witness and exhibit lists.  Accordingly, the Court declines to strike Plaintiff's preliminary witness and exhibit lists.  The show cause order [Docket No. 21] is discharged, but subject to the admonitions set forth above.

Dated:   05/13/2008

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Stephanie A.H. Blackman
BARNES & THORNBURG
stephanie.blackman@btlaw.com

Terry W. Dawson
BARNES & THORNBURG LLP
terry.dawson@btlaw.com

John H. Haskin
HASKIN LAUTER  & LARUE
jhaskin@hlllaw.com

Jay  Meisenhelder
HASKIN LAUTER  & LARUE
jmeisenhelder@hlllaw.com